Anna Y. Park, SBN 164242
Sue Noh, SBN 192134
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1082
Facsimile: (213) 894-1301
lado.legal@eeoc.gov

Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Ellen K. Wolf, SBN 110686
Douglas L. Day, SBN 92581
WOLF GROUP L.A.
11400 West Olympic Boulevard, Suite 200
Los Angeles, CA  90064
Telephone: (310) 460-3528
Facsimile: (310) 457-9087
ewolf@wolfgroupla.com

Attorneys for Defendant
SOUTHWEST OFFSET PRINTING
CO., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHWEST OFFSET PRINTING CO., INC. AND DOES 1-10, Inclusive,<br><br>Defendant. | CASE NO. CV-05-06690-SJO(CTx)<br><br>**CONSENT DECREE** |

///

///

**[PROPOSED] CONSENT DECREE**

## I.      INTRODUCTION

On September 12, 2005, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this lawsuit, entitled *EEOC v. Southwest Offset Printing Co., Inc.,* Case Number CV-05-6690 SJO (CTx), under Title VII of the Civil Rights Act of 1964, as amended. The EEOC alleged that Defendant Southwest Offset Printing Co., Inc. ("Defendant") subjected Charging Party Maria Jauregui and a class of similarly situated female employees to discrimination because of their sex by subjecting them to a hostile work environment and by failing to prevent and correct discrimination in the workplace, in violation of Title VII.

## II.     JURISDICTION

The Court has jurisdiction over the parties and the subject matter of this lawsuit, pursuant to 28 U.S.C. Section 451, 1331, 1337, 1343, 1367 and 42 U.S.C. 2000e-5. The Court shall retain jurisdiction of this action during the duration of this Consent Decree ("Decree") for the purposes of entering all orders, judgments and decrees which may be necessary to implement and/or enforce the relief provided herein or to otherwise effectuate the purposes of the Decree.

## III.    PURPOSES OF THIS DECREE

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations the EEOC and Defendant have agreed that this action should be finally resolved by entry of this Decree. The parties to this Decree which are the EEOC and Defendant ("Parties"), have entered into this Decree for the following purposes:

1.      To provide monetary and injunctive relief;

2.      To ensure that Defendant's employment practices comply with Title VII;

3.      To ensure Defendant's managers and employees receive training on their obligations under Title VII;

**[PROPOSED] CONSENT DECREE**

4.    To provide an appropriate and effective mechanism for handling harassment complaints in the workplace; and

5.    To prevent retaliation against persons who may complain about discrimination and/or otherwise engage in activities protected under Title VII.

## IV.    FINDINGS

Having examined the terms and provisions of this Decree the Court finds the following:

1.    The Court has jurisdiction over the Parties and the subject matter of this action. The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

2.    The terms and provisions of this Decree are adequate, fair, reasonable, equitable and just. The rights of the Defendant, the EEOC and those for whom the EEOC seeks relief are adequately protected by this Decree.

3.    This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties.

## V.    RESOLUTION OF CLAIMS

This Decree fully and completely resolves all issues, claims and allegations by the EEOC against Defendant that were raised in the Complaint filed in this action in the United States District Court, Central District of California on September 12, 2005, captioned *Equal Employment Opportunity Commission v. Southwest Offset Printing Co., Inc.*, Case No. CV-05-6690-SJO(CTx).

Nothing in this Decree shall be construed to preclude any Party from bringing suit to enforce this Decree in the event that any Party hereto fails to perform the promises and representations contained herein.

///

///

**[PROPOSED] CONSENT DECREE**

Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute in the future.

This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures, except to the extent specifically stated herein.

**VI.    DURATION AND EFFECTIVE DATE OF DECREE**

A.    The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.    Except as otherwise provided herein, this Decree shall remain in effect for three (3) years from the Effective Date.

**VII.   MONETARY RELIEF**

In settlement of this lawsuit, Defendants shall pay a total of $120,000 to Maria Jauregui and $5,000 to Petra Flores to resolve this action. Defendant shall deliver via Federal Express [or other delivery service with tracking], a check in the amount of $120,000 to Ms. Jauregui and a check in the amount of $5,000 to Ms. Flores within twenty (20) days of the Effective Date of this Decree.  Defendant shall also prepare and deliver to each Ms. Jauregui and Ms. Flores a IRS Form 1099 tax reporting form with each settlement check. Defendant shall make appropriate reports to the Internal Revenue Service and other tax authorities. Within three (3) business days of the issuance of the settlement check, Defendant shall submit a copy of each settlement check, 1099 form, and related correspondence to the Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012.

///

///

**[PROPOSED] CONSENT DECREE**

## VIII.  INJUNCTIVE REMEDIES

### A.    Non-Discrimination

#### 1.    Harassment Based on Sex

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby agree not to: (a) harass or tolerate harassment against persons on the basis of sex in the terms and conditions of employment; (b) engage in or be a party to any action, policy or practice that subjects any employee to discrimination on the basis of sex; (c) create, facilitate or permit the existence of a work environment that is hostile to employees on the basis of sex; and (d) impose or permit any tangible employment actions against employees.

#### 2.    Retaliation

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby agree not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendant because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Defendant and/or their agents), proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought or received any relief in accordance with this Decree.

### B.    Posting

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant shall post a notice in the form attached as Exhibit

"A", in a clearly visible location frequented by employees at its Gardena, California facility. The size of the notice shall be no smaller than 8½ by 11 inches.

### C.   Equal Employment Opportunity Consultant and Monitor

Within thirty (30) days after the Effective Date, Defendant shall retain a mutually agreed upon Equal Employment Opportunity Consultant ("Monitor") with demonstrated experience in the area of sexual harassment, to monitor Defendant's compliance with Title VII and the provisions of this Decree. The Monitor shall be mutually selected from a list of three candidates proposed by the EEOC. Defendants shall bear all costs associated with the selection and retention of the Monitor and the performance of the Monitor's duties under this Decree. The Monitor's responsibilities shall include:

1.     Ensuring that Defendant's procedures to handle complaints of discrimination, harassment and retaliation comply with its obligations, under this Decree;

2.     Ensuring that Defendant's anti-harassment policy and reporting procedure effectively carry out its obligations under this Decree;

3.     Ensuring that all of Defendant's employees are provided training on their rights and responsibilities under Title VII;

4.     Ensuring that all of Defendant's employees are provided training on policies and procedures relating to sex harassment and retaliation;

5.     Monitoring Defendant's investigation of all complaints of sex harassment and retaliation to ensure compliance with Title VII and this Decree;

6.     Ensuring that Defendant properly communicates with complainants regarding the complaint procedure, status of the complaint investigation, results of the investigation, and any remedial action taken;

7.     Ensuring that Defendant's reports required by this Decree are accurately compiled and timely submitted;

**[PROPOSED] CONSENT DECREE**

8.      Ensuring that Defendant's disciplinary policies hold employees and supervisors accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

9.      Ensuring that Defendant creates a centralized system of tracking sexual harassment, and retaliation complaints;

10.     Further ensuring compliance with the terms of this Decree; and

11.     Preparing the reports on Defendant's progress and compliance with this Decree.

**D.      Anti-Discrimination Policies**

Defendant shall, within ten (10) business days after the Effective Date, provide a copy to the EEOC of their revised policy against sexual harassment, and retaliation that shall include:

1.      A clear explanation of prohibited conduct;

2.      Assurance that employees who make complaints of sexual harassment or provide information related to such complaints will be protected against retaliation;

3.      A clearly defined procedure for communicating in writing with the complainant regarding the status of the complaint/investigation, results of the investigation, and any remedial actions taken; and a clearly described complaint process that provides accessible and confidential avenues of complaint with contact information including name (if applicable), address, and telephone number of persons both internal (i.e., human resources) and external to Defendants (i.e., the EEOC) to whom employees may report sexual harassment and retaliation, including a written statement that the employee may report the discriminatory behavior to designated persons outside their chain of management;

4.      Assurance that Defendant will protect the confidentiality of harassment/discrimination complaints to the extent reasonably practicable while still investigating the complaint(s);

**[PROPOSED] CONSENT DECREE**

5.     A complaint process that provides a prompt, thorough, and impartial investigation;

6.     A procedure for communicating with the complainant in writing regarding the general status of the complaint/investigation, ultimate results of the investigation, and any remedial action taken; and

7.     Assurance that Defendant will take immediate and appropriate corrective action when it determines that harassment/discrimination and/or retaliation has occurred.

EEOC shall provide any and all comments on the policy in writing within forty-five (45) days of receipt. Should the EEOC not provide any comments on the policy within twenty (20) business days, the Defendant may move forward and distribute the complete policy. The complete policy shall be distributed to all employees and included in all relevant policy or employee manuals. Defendant shall maintain acknowledgments from each employee who receives the revised policy. Throughout the term of this Decree, Defendant shall also post the revised policy in a place that is clearly visible to employees.

**E.     Training**

The Defendant shall ensure that all supervisory employees have been provided at least three (3) hours of training every two (2) years, or within six (6) months of the hire date.

The supervisor training shall be mandatory. Anyone who failed to attend scheduled training shall be trained within (30) days of the training set forth above.

1.     The training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, discrimination, harassment, retaliation, and Defendant's revised policies and procedures for reporting and responding to complaints of discrimination, harassment and retaliation.

2.     The training for supervisors shall additionally include training on how to properly receive and investigate complaints of discrimination and/or harassment

**[PROPOSED] CONSENT DECREE**

in a neutral manner, how to recognize and prevent discrimination and/or retaliation, and how to take corrective measures against discrimination and/or retaliation.

3.       Training for Human Resources employees shall be specific to their obligations, including the receipt and investigating of complaints of discrimination and retaliation and the issuance of appropriate levels of discipline for harassers and their supervisors who failed to act in compliance with Defendant's antidiscrimination policies and Title VII. This training shall be above and beyond the supervisor/manager training as set forth above.

4.       For the remainder of the term of this Decree, all new employees and all employees recently promoted to a supervisory position shall receive the appropriate training, within thirty (30) days of hire or promotion.

5.       All employees required to attend such training shall verify their annual attendance in writing.

6.       Within forty-five (45) days after the Effective Date or fifteen (15) days after hiring the Monitor, whichever is later, Defendant shall submit to the EEOC a description of the training to be provided and an outline of the curriculum developed for the trainees. Defendant shall give the EEOC a minimum of ten (10) business days' advance written notice of the date, time and location of each training program provided pursuant to this Decree, and agrees that an EEOC representative may attend any such training program.

All hourly and/or non-supervisory employees shall receive annual training regarding Defendant's policies and procedures regarding Equal Employment Opportunities, including but not limited to Defendant's internal procedure for making complaints of discrimination.  Defendant's Human Resources Department shall certify that this training has been completed and reported in the Monitor's semi-annual reports for such training completed during the reporting period.
///

**[PROPOSED] CONSENT DECREE**

### F.    Performance Evaluations

For the upcoming review cycle, Defendant shall revise its performance evaluation forms for supervisors to include measures of performance regarding their compliance with Defendant's Anti-Discrimination Policies and Procedures.

### G.    Complaint Procedure

Throughout the term of this Decree, Defendants shall track and collect all discrimination complaints; investigate and resolve such complaints in a timely and effective manner; and retain records regarding resolution of all such complaints.

The internal complaint procedure shall incorporate the following elements:

1.    A written description of how investigations will be conducted;

2.    The Internal Complaint Procedure will permit, but not require, an employee to initiate the complaint process by submitting a written complaint on a form designed for the purpose, and shall include a method by which monolingual Spanish speaking employees can make complaints and have communications with the Human Resources department in Spanish;

3.    Provide for a prompt thorough investigation by person(s) designated by Defendant who are trained to conduct such investigations and not involved with the complaint, complainant or accused;

4.    Interviews of as many witnesses as reasonably practicable, including the complainant and additional witnesses identified through other witnesses during the investigation, and reviews of all relevant documents;

5.    A written record of all investigatory steps, and any findings and conclusions, and any actions taken;

6.    Prompt resolution of such complaints;

7.    An opportunity for the complainant to review and respond to tentative findings, except in those circumstances in which it is necessary to take immediate action;

///

**[PROPOSED] CONSENT DECREE**

8.    Confidentiality of the complaint and investigation to the extent possible;

9.    Process to inform the complainant in writing of the final conclusions reached through the investigation and the monitoring, discipline, or other action(s) to be taken against the alleged harasser; and

10.    A notice that employees complaining of discrimination may use the company's internal complaint procedure or contact the EEOC or state or local Fair Employment Practice Agencies ("FEPA"). The notice shall also state that filing an internal complaint does not relieve the complainant of meeting any applicable deadline for the filing of a charge or complaint with EEOC or FEPA.

The Internal Complaint Procedure is not intended to supplant the right of any employee to file a charge or complaint of discrimination or retaliation under any available municipal, state, or federal law.

Defendant shall publish with the Internal Complaint Procedure the following elements that will be included in the procedure:

1.    A statement that it is unacceptable to retaliate or to take any tangible employment action against any employee for using the Internal Complaint Procedure, for assisting or cooperating in the investigation of a complaint, or reporting discrimination to the EEOC or a FEPA;

2.    A statement that if an allegation of discrimination or retaliation is substantiated, then such conduct will result in appropriate discipline, up to and including discharge; and

3.    A statement that supervisors found to have condoned subordinate employees engaging in discrimination or retaliation may also be subject to appropriate discipline.

///

///

///

**[PROPOSED] CONSENT DECREE**

### H.    Injunctive Remedies for Maria Jauregui

Upon inquiry by any prospective employer or governmental agency, Defendant shall hereafter provide a neutral reference for Ms. Jauregui limited to the following information: her job title and dates of employment.

### I.    Injunctive Remedies for Petra Flores

All of Defendant's records pertaining to this litigation and of Petra Flores' involvement in the Charge of Discrimination filed by Maria Jauregui shall be purged from Ms. Flores' personnel file.

Ms. Flores' employment will be monitored by the Monitor to ensure that Ms. Flores is provided with equal employment opportunities and not subjected to retaliation. The Monitor shall submit a semi-annual report to the EEOC for the for the duration of this Decree confirming that Ms. Flores has been provided with equal employment opportunities in compliance with the Decree.

Should either Ms. Flores or Defendant terminate Ms. Flores' employment for any reason, responses to employment verifications pertaining to Ms. Flores shall be limited to confirming her job title and the dates of employment. Defendant shall designate and identify to the EEOC an employee with the duty of responding to employment verifications for Ms. Flores.

Defendant's designated employees for providing employment verifications shall be required to read, understand, and comply with the terms of this Decree as to employment verifications for both Ms. Jauregui and Ms. Flores.

## IX.    RECORD KEEPING AND REPORTING

### A.    Record Keeping

Defendant shall establish a record-keeping procedure that provides for the centralized tracking of discrimination complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

1.    All documents generated in connection with any complaint, investigation into, or resolution of every complaint of discrimination or retaliation;

12
[PROPOSED] CONSENT DECREE

2. All forms acknowledging receipt of Defendant's revised discrimination and anti-retaliation policy; and

3. All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree.

**B. Reporting**

Within thirty (30) days after the Effective Date, Defendant shall submit to the EEOC an initial report which contains:

1. A copy of the revised discrimination and anti-retaliation policy;

2. A summary of the procedures for tracking discrimination complaints and the monitoring of such complaints;

3. A statement confirming that the required notices pertaining to this Decree and the revised discrimination and anti-retaliation policies have been posted; and

4. Copies of all employee acknowledgment forms indicating receipt of the revised discrimination and anti-retaliation policy.

For the first two (2) years of the Decree Defendant shall provide semi-annual reports regarding the information listed below.

1. The attendance lists for all training sessions required under this Decree that took place during the previous six months;

2. Acknowledgments of receipt of the revised discrimination and harassment policy during the previous six months;

3. The Monitor's report confirming that Ms. Flores had been provided equal employment opportunities since the last reporting period. In preparation of this report, the Monitor shall meet with Ms. Flores to ensure that she has no complaints regarding her working conditions. If Ms. Flores identifies any problems, the Monitor shall include them in the report as well as a response by the Defendant to Ms. Flores' concerns.

**[PROPOSED] CONSENT DECREE**

4.      A description of all discrimination and/or retaliation complaints received during the six months. This description shall include the names of the individuals alleging harassment or retaliation, the nature of the harassment or retaliation, the names of the alleged perpetrators of harassment or retaliation, the dates of the alleged harassment or retaliation, a brief summary of how each complaint was resolved, the identity of the Defendant's employee(s) who investigated or resolved each complaint, a copy of the written complaint, if any, all documents generated from any investigation of the complaint, findings from the investigation, and documents reflecting electronic, written or other communications with the complainant and/or witnesses. If no results have been reached as of the time of the report, the result shall be included in the next report.

Defendant shall provide a report to the EEOC detailing any changes in the procedures or record-keeping methods for centralized tracking of discrimination complaints and the monitoring of such complaints thirty (30) days before implementing such changes.

During the last year of the Decree, Defendant shall provide a final report containing the above four categories covered in the semi-annual report sixty (60) days before the end of the Decree term.

## X.      MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

**[PROPOSED] CONSENT DECREE**

C.     By mutual agreement of the parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

## XI.     COMPLIANCE AND DISPUTE RESOLUTION

The parties expressly agree that if Defendant has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendant's legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the Commission believes Defendant has breached. Absent a showing that the delay will cause irreparable harm, Defendant shall have thirty (30) days to attempt to refute the failure to comply with this Decree, or to resolve or cure such failure to comply with the Decree.

The parties agree to cooperate with each other and use reasonable efforts to resolve any dispute arising from or referenced in the EEOC notice.

After thirty (30) days have passed with no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time as Defendants are shown to be in breach of the Decree.

## XII.     COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendant shall bear all of their own costs associated with the administration and implementation of their obligations under this Consent Decree, including the costs of the training, monitoring and Defendant's administration of complaints.

## XIII.  COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

///

///

**[PROPOSED] CONSENT DECREE**

## XIV.  COUNTERPARTS

This Decree may be executed in counterparts and shall be deemed fully executed when each party signed and transmitted a counterpart to the other party. All counterparts taken together shall constitute the single Decree. A facsimile signature shall have the same force and effect of an original signature.

## XV.   MISCELLANEOUS PROVISIONS

During the term of this Decree, Defendant shall provide any successor with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure.

Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA. 90012.

///
///
///
///
///
///
///
///
///
///
///
///
///

16

1    The parties agree to entry of this Decree and judgment subject to final

2  approval by the Court.

3                                              Respectfully submitted,

4
     Dated:_____, 2008               U.S. EQUAL EMPLOYMENT
5                                              OPPORTUNITY COMMISSION

6                                              By: _____
7                                                      Anna Y. Park

8                                              Attorneys for Plaintiff EEOC

9
     Dated:_____, 2008               WOLF GROUP L.A.
10
                                               By: _____
11                                                     Ellen K. Wolf
12                                                     Douglas L. Day

13                                             Attorneys for Defendant Southwest Offset
14                                             Printing Co., Inc.

15
16   Dated:_____, 2008               Defendant Southwest Offset Printing Co.,
                                               Inc.
17
                                               By: _____
18                                                     Stephen Q. Rogers, Vice President,
19                                                     Human Resources/General Services

20

21        FOR GOOD CAUSE SHOWN,

22  IT IS SO ORDERED.                                       /S/

23
     Dated:___3/14/08_____       _____
24                                                     Honorable S. James Otero

25

26

27

28

                                          17
**[PROPOSED] CONSENT DECREE**